IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ROBERT FRANKLIN                                                    PETITIONER


v.                                    5:07CV00118 JMM-JFF


LARRY NORRIS, Director,
Arkansas Department of
Correction                                                         RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District

Court Judge James M. Moody.  Any party may serve and file written objections to this

recommendation. Objections should be specific and should include the factual or legal

basis for the objection.  If the objection is to a factual finding, specifically identify that

finding and the evidence that supports your objection.  An original and one copy of your

objections must be received in the office of the United States District Court Clerk no

later than eleven (11) days from the date of the findings and recommendations. The

copy will be furnished to the opposing party.  Failure to file timely objections may result

in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the

District Judge, you must, at the same time that you file your written objections, include

the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## DISPOSITION

Before the Court is the Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Magistrate Judge undersigned recommends that the petition be dismissed with prejudice.

On May 16, 2005, after a jury trial in Logan County Circuit Court, Petitioner was convicted of possession of methamphetamine with intent to deliver, possession of drug paraphernalia, and use of a communication facility. He was sentenced to a total 360 months' imprisonment in the Arkansas Department of Correction. Petitioner appealed to the Arkansas Court of Appeals. He argued that (1) the trial court erred when it allowed the State to introduce testimony concerning controlled drug buys within his

home, and (2) the evidence was insufficient for the jury to find that he possessed methamphetamine with intent to deliver. On March 15, 2006, the Arkansas Court of Appeals affirmed Petitioner's convictions, finding that his arguments were without merit. *Franklin v. State*, CACR 05-925, 2006 Ark. App. LEXIS 212 (Ark. Ct. App. Mar. 15, 2006) (unpublished).  The mandate was issued on April 4, 2006.

On May 19, 2006, Petitioner filed a "Belated Notice of Appeal" in circuit court. On June 2, 2006, the circuit court denied the notice, finding that the court lacked jurisdiction "to grant a Belated Notice of Appeal" and that it appeared that Petitioner's case had already been appealed.

On June 6, 2006, Petitioner filed a post-conviction petition in circuit court pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure. He argued that (1) counsel was ineffective for allowing a detrimental videotape to be seen by the jury; (2) counsel was ineffective for failing to pursue speedy trial issues; (3) counsel was ineffective for failing "to pursue arresting officers altered documents regarding money receipts"; (4) counsel was ineffective for failing to follow up and correspond with Petitioner after the trial concerning his appeal; (5) the prosecutor had a conflict of interest because he was Petitioner's counsel in a prior case; (6) there was a lack of material evidence because "[t]here was no evidence of drugs that were bought in order to get probable cause to arrest" and "[c]onfidential informants never testified to three controlled buys"; and (7) Petitioner was denied a speedy trial.

Concurrently with his Rule 37 petition, Petitioner filed a motion for speedy trial, requesting that the court grant him a speedy trial on the pending charge or order that the charge be dismissed with prejudice.

-3-

On July 11, 2006, the circuit court denied Petitioner's Rule 37 petition as untimely, finding that Petitioner did not file the petition within sixty days of the issuance of the appellate mandate as required by Rule 37.2(c) of the Arkansas Rules of Criminal Procedure.  The circuit court found that the appellate mandate was entered on April 4, 2006, and that Petitioner filed his Rule 37 petition on June 6, 2006, outside the sixty-day period. The circuit court apparently never ruled on Petitioner's motion for speedy trial.

On July 20, 2006, Petitioner filed a notice of appeal from the circuit court's order denying his Rule 37 petition. In the notice of appeal, Petitioner requested that the circuit court cause the transcript of the designated record of appeal to be certified and transmitted to the clerk of the Arkansas Supreme Court.  On September 27, 2006, Petitioner filed a motion for rule on the clerk in circuit court, requesting that the circuit court order the circuit court clerk "to comply to his notice of appeal requests."  In support of his motion, he stated that in his notice of appeal he requested "copies of all paperwork pertaining to his case in order to file a meaningful appeal," and that sixty days had elapsed since the notice of appeal was file marked.  On September 28, 2006, the circuit court denied the motion. The records of the Arkansas Supreme Court indicate that no appeal from the circuit court's order denying Petitioner's Rule 37 petition was filed with the Supreme Court.

On March 20, 2007, Petitioner filed a state habeas corpus petition in Lincoln County Circuit Court alleging that (1) counsel was ineffective for failing to file a motion to dismiss on the basis of a speedy trial violation, (2) Petitioner was denied a speedy trial in violation of the Sixth Amendment to the United States Constitution, and (3)

Petitioner was denied his right to equal protection of the law under the Fourteenth Amendment in that after the 12-month period for trial lapsed, "his protection from prosecution was not applied." On May 7, 2007, the circuit court denied Petitioner's state habeas petition, finding that the allegations raised by Petitioner did not demonstrate that the trial court lacked jurisdiction or that the commitment was invalid on its face. To succeed on a state petition for writ of habeas corpus, a petitioner must show that the judgment or commitment order is invalid on its face or that the trial court lacked jurisdiction. *Davis v. Reed*, 316 Ark. 575, 577, 873 S.W.2d 524, 525 (1994).

On May 18, 2007, Petitioner filed the pending § 2254 petition in this Court.[1] He has raised the following grounds for relief: (1) his right to a speedy trial under the Sixth Amendment was violated; (2) counsel was ineffective for failing to file a motion to dismiss on the basis of a speedy trial violation; (3) he is actually innocent in that "the prosecution had lapsed the allotted time to convict him."

In his response to Petitioner's habeas corpus petition, the Respondent argues that the petition is barred by the one-year statute of limitations provided in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2244(d)(1). The Respondent also contends that Claims 1 and 2 are procedurally barred. In the interest of judicial economy, the Magistrate Judge declines to address the Respondent's statute of limitations argument, a complicated issue, as Petitioner's

---

[1] A *pro se* prisoner's petition for writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court. *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999). In his petition, Petitioner certifies under penalty of perjury that he placed his habeas corpus petition in the prison mailing system on May 18, 2007. Under the circumstances, the Magistrate Judge will assume that Petitioner delivered his petition to prison authorities for mailing on May 18, 2007.

claims are easily resolved against him either on procedural bar grounds or on the merits. *Cf. Trussell v. Bowersox*, 447 F.3d 588, 590 (8th Cir. 2006) ("because neither the statute of limitations nor procedural default constitutes a jurisdictional bar to our review (citation omitted), we shall, in the interest of judicial economy, proceed to the merits of Trussell's petition"); *Barrett v. Acevedo*, 169 F.3d 1155, 1162 (8th Cir. 1999) ("judicial economy sometimes dictates reaching the merits if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated").

In considering a petition for federal habeas corpus relief, a federal district court usually is precluded from considering any issue that a state court has already resolved on an independent and adequate state law ground. *Reagan v. Norris*, 279 F.3d 651, 656 (8th Cir. 2001). This includes cases in which the state court judgment turns on an independent and adequate state procedural ground, such as a determination that a claim is procedurally defaulted. *Oxford v. Delo*, 59 F.3d 741, 744 (8th Cir. 1995); *Reagan*, 279 F.3d at 656. A federal district court also is ordinarily precluded from considering any claim that a petitioner has failed to "fairly present" to the highest state court. *Wemark v. State*, 322 F.3d 1018, 1020-1021 (8th Cir. 2003); *Trevino v. Dahm*, 2 F.3d 829, 831 (8th Cir. 1993). *See also O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (a petitioner's failure to present his claims to the highest state court results in a procedural default of the claims). "A claim has been fairly presented when a petitioner has properly raised the 'same factual grounds and legal theories' in the state courts which he is attempting to raise in his federal habeas petition." *Wemark*, 322 F.3d at 1021 (citing *Joubert v. Hopkins*, 75 F.3d 1232, 1240 (8th Cir. 1996)). "The federal legal

theory or theories must plainly appear on the face of the petitioner's state court briefs."
*Jones v. Jerrison*, 20 F.3d 849, 854 (8th  Cir. 1994) (holding that petitioner failed to
fairly apprise the state court of his federal claim because he did not refer to or rely on
federal law in his appellate brief); *McDougald v. Lockhart*, 942 F.2d 508, 510 (8th Cir.
1991) ("Explicit citation to the Constitution or to a federal case is necessary for fair
presentation of a constitutional claim in state court"); *Thomas v. Wyrick*, 622 F.2d 411,
413 (8th Cir. 1980) (holding that petitioner failed to present his federal claim to the state
courts because his state-court brief did not cite any provision of the Federal
Constitution or any federal case); *Morris v. Norris*, 83 F.3d 268, 269 (8th Cir. 1996)
("habeas petitioners must have explicitly cited to the United States Constitution or
federal case law in their direct appeal to preserve federal review"). *See also Duncan
v. Henry*, 513 U.S. 364, 366 (1995) ("If a habeas petitioner wishes to claim that an
evidentiary ruling at a state court trial denied him due process of law guaranteed by the
Fourteenth Amendment, he must say so, not only in federal court, but in state court").

   Where the state court dismisses a habeas petitioner's claims on independent
and adequate state law grounds or the petitioner has failed to fairly present his claims
to the state court, the claims are procedurally defaulted, and a federal district court
cannot consider them unless the petitioner can demonstrate cause for the default and
actual prejudice as a result of the alleged constitutional violation or actual innocence.
*Coleman v. Thompson*, 501 U.S. 722, 744, 750-51 (1991); *Prewitt v. Goeke*, 978 F.2d
1073, 1077 (8th Cir. 1992); *Wemark*, 322 F.3d at 1021-22; *Reagan*, 279 F.3d at 656.
The existence of cause "must ordinarily turn on whether the prisoner can show some

objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  At a minimum, a petitioner must show that something "*external* to [him], something that cannot be fairly attributed to him," caused the procedural default. *Ivy v. Caspari*, 173 F.3d 1136, 1140 (8th Cir. 1999) (quoting *Coleman v. Thompson*, 501 U.S. at 753).  For example, a showing that the factual or legal basis for the claim was not reasonably available to counsel, that some interference by officials made compliance impracticable, or that counsel's performance was constitutionally ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984), would constitute factors external to the defense and cause for a procedural default. *Coleman v. Thompson*, 501 U.S. at 753.  Where a prisoner has no constitutional right to an attorney, such as in state post-conviction proceedings, any attorney error that led to default cannot constitute cause to excuse the default in federal court. *Coleman v. Thompson*, 501 U.S. at 757; *Sweet v. Delo*, 125 F.3d 1144, 1151 (8th Cir. 1997).  A claim of ineffective assistance of counsel must be presented in state court as an independent claim before it may be used to establish cause for a procedural default in a habeas corpus proceeding. *Taylor v. Bowersox*, 329 F.3d 963, 971 (8th Cir. 2003); *Frasier v. Maschner*, 304 F.3d 815, 817 (8th Cir. 2002).

A narrow exception to the cause and prejudice standard exists where the petitioner can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. at 496. "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence." *Schlup*

*v. Delo*, 513 U.S. 298, 327 (1995); *Amrine v. Bowersox*, 238 F.3d 1023, 1029 (8th Cir. 2001); *Brownlow v. Groose*, 66 F.3d 997, 999 (8th Cir. 1995).   "Evidence is only 'new' if it was 'not available at trial and could not have been discovered earlier through the exercise of due diligence.'" *Osborne v. Purkett*, 411 F.3d 911, 920 (8th Cir. 2005) (quoting *Amrine*, 238 F.3d at 1029). To be credible, "a substantial claim that constitutional error has caused the conviction of an innocent person" must be supported with "new reliable evidence - - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - - that was not presented at trial." *Schlup v. Delo*, 513 at 324; *House v. Bell*, _____ U.S. ____, 126 S. Ct. 2064, 2077 (2006); *Weeks v. Bowersox*, 119 F.3d 1342, 1351 (8th Cir. 1997).  However, in determining whether a petitioner has met the actual innocence exception, "the habeas court's analysis is not limited to [new reliable evidence]." *House  v. Bell*, 126 S. Ct. at 2077.

In Claim 1, Petitioner contends that his right to a speedy trial under the Sixth Amendment was violated. The appropriate state remedy for this claim was direct appeal. *See, e.g., Dodson v. State*, 358 Ark. 372, 380-84, 191 S.W.3d 511, 516-18 (2004). Neither Rule 37 nor state habeas corpus was not an appropriate remedy for Petitioner's speedy trial claim. *Cf.  Howard v. State*, 2006 Ark. LEXIS 417 at * 7 (Ark. June 29, 2006)  (finding that Rule 37 does not provide a remedy where an error could have been raised on direct appeal unless the error is so fundamental or basic as to render the judgment a complete nullity and holding that a prosecutor's misconduct in knowingly presenting false testimony in violation of a defendant's right to due process

is not such an error); *Locklear v. State*, 290 Ark. 70, 71, 716 S.W.2d 766, 767 (1986) (finding that the failure to afford a speedy trial is not an error so basic that the judgment of conviction is rendered a nullity); *Oliver v. State*, 323 Ark. 743, 748, 918 S.W.2d 690, 692 (1996) (the issue of denial of counsel at a criminal trial must be raised on direct appeal or is waived); *Moffett v. State*, 2006 Ark. LEXIS 153 at * 4 (Ark. Sup. Ct. Mar. 2, 2006) (indicating that a speedy trial claim is cognizable in a Rule 37 petition when argued as ineffective assistance of counsel but not as an independent claim); *Dodson v. State*, 2007 Ark. LEXIS 24 at * 3 (Ark. Sup. Ct. Jan. 11, 2007) (holding that habeas corpus was not an appropriate remedy for the petitioner's speedy trial claim, finding that the petitioner could have raised the argument on direct appeal and that his claim did not challenge the trial court's subject matter jurisdiction or authority to convict and sentence him).  Because Petitioner did not raise his speedy trial claim on direct appeal, the claim is procedurally defaulted.

In Claim 2, Petitioner argues that counsel was ineffective for failing to file a motion to dismiss on the basis of a speedy trial violation. The appropriate remedy for this claim was Rule 37. *Rowe v. State*, 318 Ark. 25, 26-27, 883 S.W.2d 804 (1994). Petitioner raised the claim in his Rule 37 petition.  However, the circuit court denied Petitioner's Rule 37 petition as untimely, finding that Petitioner did not file the petition within sixty days of the issuance of the appellate mandate as required by Rule 37.2(c) of the Arkansas Rules of Criminal Procedure. Because the circuit court denied Petitioner's Rule 37 on an independent and adequate state procedural ground, his claim that counsel was ineffective for failing to file a motion to dismiss on the basis of

a speedy trial violation is procedurally defaulted. The claim also is procedurally defaulted for another reason.  Petitioner did not present the claim in an appeal to the Arkansas Supreme Court from the circuit court's denial of his Rule 37 petition.

Petitioner has not alleged facts showing cause for his procedural default of his claim that his right to a speedy trial under the Sixth Amendment was violated or his claim that counsel was ineffective for failing to file a motion to dismiss on the basis of a speedy trial violation. In response to the Respondent's contention that Petitioner's habeas petition is time barred and procedurally barred, Petitioner does allege that his Rule 37 petition left the Grady, Arkansas, post office on Friday, June 2, 2006, and that the petition should have arrived by the filing deadline of Monday, June 5, 2006. As previously noted, Petitioner's Rule 37 petition was filed in circuit court on June 6, 2006. Petitioner also alleges that he diligently pursued an appeal from the denial of Rule 37 relief by filing a timely notice of appeal and filing a motion for rule on the clerk on September 27, 2006, for the purpose of having the circuit court compel the circuit clerk to tender the record of Rule 37 proceedings to the Arkansas Supreme Court.

While it is perhaps possible that the untimely filing of Petitioner's Rule 37 petition and his procedural default of his claim that counsel was ineffective for failing to file a motion to dismiss on the basis of a speedy trial violation may be attributable in part to a lack of diligence by either the postal service or the circuit clerk, Petitioner certainly has not demonstrated that the untimely filing was the result of any such lack of diligence.  Furthermore, he has not shown that the late filing cannot be fairly attributed to him. A *pro se* prisoner acting with reasonable diligence would have tendered the

Rule 37 petition for mailing several days before Friday, June 2, 2006, in order to meet the filing deadline of Monday, June 5, 2006. The Magistrate Judge further finds Petitioner has not shown that something that cannot be fairly attributed to him caused his failure to perfect an appeal from the denial of Rule 37 relief.  In order to perfect an appeal from the denial of Rule 37 relief, Petitioner had to file the record with the clerk of the Arkansas Supreme Court within ninety days of the filing of the notice of appeal. *Sullivan v. State*, 301 Ark. 352, 353-54, 784 S.W.2d 155, 156 (1990); Ark. R. App. P.-Civ. 5(a).  It was Petitioner's responsibility to request in a letter to the circuit clerk that the record be prepared and transmitted either to him or to the clerk of the Arkansas Supreme Court. *Sullivan*, 301 Ark. at 354, 784 S.W.2d at 156.  An appellant's request that the record be prepared and transmitted must be included in a letter to the clerk and not in a notice of appeal. *Id.*  "Clerks and judges are not required to sift through a notice of appeal or other documents to decipher whether any hidden requests or motion is contained in it." *Id.*  While Petitioner requested in his notice of appeal that the circuit court cause the transcript of the designated record of appeal to be certified and transmitted to the clerk of the Arkansas Supreme Court, there is no indication from the record that he conformed with the requirement that he send a letter to the circuit clerk requesting that the record be prepared and transmitted either to him or to the clerk of the Arkansas Supreme Court.  Finally, even if Petitioner had properly perfected an appeal from the denial of his Rule 37 petition, the Arkansas Supreme Court unquestionably would have dismissed his appeal because he did not timely file his Rule 37 petition in circuit court. *Benton v. State*, 325 Ark. 246, 248, 925 S.W.2d 401, 402

(1996).

In conclusion, the Magistrate Judge finds that Petitioner has not shown cause for his procedural default of his claim that counsel was ineffective for failing to file a motion to dismiss on the basis of a speedy trial violation.  With respect to cause for his procedural default of his claim that his right to a speedy trial under the Sixth Amendment was violated, the Magistrate Judge finds that Petitioner has not shown cause for his failure to properly present the claim on direct appeal. The Magistrate Judge further finds that Petitioner has not shown actual prejudice as a result of a constitutional violation.

Petitioner alleges that he is actually innocent in that "the prosecution had lapsed the allotted time to convict him." The actual innocence exception is concerned with claims of factual innocence, not legal innocence. *Pitts v. Norris*, 85 F.3d 348, 350-51 (8th Cir. 1996). Petitioner's allegation that he is actually innocent based on a speedy trial violation is a claim of legal innocence, not factual innocence. *Sharp v. Hill*, 2004 U.S. Dist. LEXIS 21464 at ** 3-4 (D. Or. Oct. 28, 2004) (petitioner's claim that he is actually innocent because his speedy trial rights were violated is a claim of legal innocence, not factual innocence).  Petitioner has not submitted new reliable evidence and demonstrated that he is actually innocent of any crime for which he was convicted. The Magistrate Judge recommends that Petitioner's claim that his right to a speedy trial under the Sixth Amendment was violated and his claim that counsel was ineffective for failing to file a motion to dismiss on the basis of a speedy trial violation be dismissed with prejudice as procedurally barred.

In Claim 3, Petitioner contends that he is actually innocent in that "the prosecution had lapsed the allotted time to convict him." To prevail on a free-standing actual innocence claim, a habeas petitioner must present new evidence unquestionably establishing his factual innocence of the crime for which he was convicted.  *See Cornell v. Nix*, 119 F.3d 1329,1334-1335 (8th Cir. 1997); *Whitfield v. Bowersox*, 324 F.3d 1009, 1020 (8th Cir. 2003); *Allen v. Nix,* 55 F.3d 414, 417 (8th Cir. 1995). Petitioner has not submitted new evidence unquestionably establishing his factual innocence of any crime for which he was convicted.  He has merely alleged that "the prosecution had lapsed the allotted time to convict him," which is a claim of legal innocence, not factual innocence. *Sharp v. Hill*, 2004 U.S. Dist. LEXIS 21464 at ** 3-4. *Cf. Taylor v. Patton*, 2007 U.S. Dist. LEXIS 9650 at * 5  (a claim that the trial court miscalculated time frames under the Speedy Trial Act "is not a claim of 'actual innocence'").

THEREFORE, the Magistrate Judge recommends that Petitioner's petition for writ of habeas corpus be dismissed with prejudice.

Dated this16th day of August, 2007.


_____/s/ John F. Forster, Jr._____
UNITED STATES MAGISTRATE JUDGE